1

2

ANN-MARTHA ANDREWS
Nevada Bar No. 7585
AAndrews@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

JOSEPH J. HASMAN
jhasman@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street
Suite 1400
Chicago, Illinois  60606
(312) 281-3600
(312) 281-3678 (fax)

Attorneys for Plaintiff
Midland National Life Insurance Company

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

17

18

19

20

21

22

23

24

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | Case No.  2:11-cv-00433-JCM-LRL |
| Plaintiff, | |
| vs. | **PLAINTIFF'S *EX PARTE* MOTION FOR RESTRAINING ORDER** |
| ANGELIQUE KNIGHT and STEVEN LIGUORI, | |
| Defendants. | |

25

26

27

28

Plaintiff Midland National Life Insurance Company ("Midland") moves this

Honorable Court for an *Ex Parte* Restraining Order pursuant to 28 U.S.C. § 2361, and in

support states as follows:

1.      Midland has filed its Complaint In Interpleader under 28 U.S.C. §§1335, 1397, and 2361 (2010) to resolve competing claims to certain life insurance benefits paid under Midland's life insurance Policies No. 1502783862 and 1502783864 ("Policies") and now held by Midland in a Retained Asset Account ("RAA").

2.      Midland wishes to deposit its admitted liability in the amount of $607,021.56 with the Registry of this Court.  This is the amount of money now in the RAA.

3.      Midland now moves this Honorable Court to enter an *Ex Parte* Restraining Order as provided for by 28 U.S.C. § 2361, which states, in relevant part:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

28 U.S.C. § 2361 (2010).

4.      The restraining order provided for by 28 U.S.C. § 2361 is excepted from the requirements of Rule 65(b) of the Federal Rules of Civil Procedure by Rule 65(e) which provides, in relevant part:  "These rules do not modify . . . 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader." FED. R. CIV. P. 65(e).

5.      Accordingly, this Court has the power to enjoin, without notice, other actions seeking a determination of the rights being contested in order to protect the stakeholder from vexatious and multiple litigation.  *See Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1350-1351 (S.D. Fla. 2010); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42-43 (D.D.C. 2002); *see also* LRCiv 7-5 (requiring explanation of good cause and why stipulation is, in this case, unnecessary).

6.      Midland is faced with a real threat of multiple litigation relating to the subject matter of this interpleader suit.

7.     A restraining order in this matter will protect the jurisdiction of this Honorable Court and will prevent a multiplicity of actions with respect to the death benefits and RAA funds which are the subject of this litigation.

WHEREFORE, Midland National Life Insurance Company respectfully requests that this Court enter the proposed Restraining Order, attached as Exhibit A, temporarily restraining Defendants Angelique Knight and Steven Liguori and any person or entity claiming on behalf of or through them or any of them from instituting or prosecuting any proceeding in any state or federal court concerning the life insurance proceeds paid by Midland National Life Insurance Company under its Policies No. 1502783862 and 1502783864 and now held by Midland National Life Insurance Company in RAA No. 500297754, which funds are the subject of this litigation, granting leave to Midland National Life Insurance Company to deposit those funds with the Registry of this Court until further order of this Court, and granting leave to Midland National Life Insurance Company to serve the restraining order entered herein in the same manner of service as summons and complaint.

RESPECTFULLY SUBMITTED this 24th day of March, 2011.

LEWIS AND ROCA LLP

BY: /s/ Ann-Martha Andrews
        ANN-MARTHA ANDREWS
        Nevada Bar No. 7585
        3993 Howard Hughes Parkway
        Suite 600
        Las Vegas, Nevada  89169

                    and

JOSEPH J. HASMAN
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois  60606

Attorneys for Midland National Life Insurance Company

# EXHIBIT A

# EXHIBIT A

ANN-MARTHA ANDREWS
Nevada Bar No. 7585
AAndrews@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

JOSEPH J. HASMAN
jhasman@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street
Suite 1400
Chicago, Illinois  60606
(312) 281-3600
(312) 281-3678 (fax)

Attorneys for Plaintiff
Midland National Life Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>                          Plaintiff,<br><br>     vs.<br><br>ANGELIQUE KNIGHT and STEVEN LIGUORI,<br><br>                          Defendants. | Case No.  2:11-cv-00433-JCM-LRL<br><br>**RESTRAINING ORDER** |

          This cause is before the Court on the *Ex Parte* Motion of Midland National Life

Insurance Company for a restraining order pursuant to 28 U.S.C. § 2361,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

(1)     Defendants Angelique Knight and Steven Liguori and any person or entity claiming on behalf of or through them or any of them are restrained from instituting or prosecuting any proceeding in any state or federal court concerning the life insurance proceeds paid by Midland National Life Insurance Company under its Policies No. 1502783862 and 1502783864 and now held by Midland National Life Insurance Company in Retained Asset Account No. 500297754 until further order of this Court.

(2)     Leave is granted to serve this Restraining Order in the same manner of service as the summons and complaint.

_James C. Mahan_

**Dated:** March 25, 2011 at 2:45 p.m.